# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                        No. CR 98-343 LH

JOHN VINCENT MACKOVICH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Leave to Withdraw as Counsel, filed November 19, 1998, and Defendant's Motion to Vacate and Continue Trial Setting, filed November 23, 1998. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that the motions are not well taken and will be denied.

In his motions, the Defendant seeks to have the Court reconsider its finding that he is competent to stand trial and—one week before trial—asks the Court for a continuance of the current trial setting to allow his counsel to withdraw from representation. The Defendant offers no basis for reconsideration and the Court will deny that request. Furthermore, the Defendant's Counsel provides the Court with no support for his contention that "without [anti-psychotic] medication Defendant cannot adequately represent himself or assist counsel at trial." (Def. Mot. Vacate ¶ 3.) This is plainly contradictory to Dr. Bull's conclusion that Mr. Mackovich is presently competent to stand trial, despite the fact that he is not currently being treated for the schizo-affective disorder that

Dr. Bull believes he is suffering from. (*See* Sealed Psychiatric Evaluation at 2 (Docket No. 50).) The fact that the Defendant could benefit from anti-psychotic medications does not alter this Court's conclusion that Mr. Mackovich is presently able to understand the nature and consequences of the proceedings against him and that he is able to properly assist in his defense. Therefore, the Defendant's uncertain and unsupported allegation that he is not currently receiving the medications Dr. Bull thought he *might* benefit from, is not a basis for a continuance.

Defendant's counsel makes reference to some motions authored by Mr. Mackovich himself including a motion to proceed *pro se*, however, no motions other than those filed by counsel have been as yet been filed with the Court. (*See* Def.'s Mot. Vacate ¶ 1.) At the request of the Court, the Defendant's counsel has been provided with copies of these "pro-se" motions. Although not formally before the Court, the issues raised in the Defendant's *pro se* Motion for Substitution of Counsel and *pro se* Motion for Continuance of Trial, are similar to those filed by his counsel which are addressed below.

While a criminal defendant has a constitutional and a statutory right to self-representation, *Faretta v. California*, 422 U.S. 806 (1975), such a request must be timely and unequivocal. *United States v. Reddeck*, 22 F.3d 1504, 1510 (10th Cir.1994); *United States v. Nunez*, 877 F.2d 1475, 1478-79 (10th Cir.1989). The vague reference by counsel to an effort by Mr. Mackovich to represent himself is not sufficient to trigger an inquiry into whether the Defendant is attempting to knowingly and voluntarily waive his right to counsel. *See Reddeck*, 22 F.3d at 1510 (holding the defendant must "clearly and unequivocally" assert his intention to represent himself before any inquiry is begun into his knowing and voluntary waiver of right to counsel); *United States v. McKinley*, 58 F.3d 1475, 1481 (10th Cir.1995) (Court must make finding that the Defendant is attempting to

"knowingly and intelligently" relinquish the benefits of representation by counsel). However, in light of Mr. Mackovich's apparent efforts to file his motion to proceed *pro se*, the Court will assume that this effort is "clear and unequivocal."

Despite this assumption, the apparent eleventh hour request to proceed *pro se* will be denied as untimely. *See Nunez*, 877 F.2d at 1478-79. This case has been set for trial since June 8, 1998, and after the Court granted Defendant's three previous motions for continuances, the current setting was noticed at the end of October of this year. The Defendant has been represented by Mr. McIntyre since September 29, 1998, and it was not until after Mr. McIntyre failed to secure a plea agreement to the Defendant's liking that, Mr. Mackovich apparently began to seek to represent himself. This request, even if made today, would be untimely. *See Nunez*, 877 F.2d at 1478-79 (approving mid-trial denial of request to proceed *pro se* and noting that in *Faretta v. California*, 422 U.S. 806, the seminal case on right to self-representation, the defendant requested to proceed *pro se* well before trial). The Defendant's motion has not yet been filed and the trial is set to commence in five days. Clearly, this is merely an effort to again delay the trial, and is an abuse of the judicial process. *See United States v. Treff*, 924 F.2d 975, 979 (10th Cir. 1991) (holding in case evaluating sufficiency of request to proceed *pro se* that defendants should not be permitted to play a "cat and mouse game" regarding their right of self-representation); *Reddeck*, 22 F.3d at 1510 (same); *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994) (holding waiver of right to counsel must be timely and not for purposes of delay). The Court will not countenance such tactics. Notwithstanding the Court's understanding that Mr. Mackovich's may wish to represent himself, the Court will not commence with a hearing on this issue as no formal request is currently before the Court and such a request would be untimely. As to Mr. McIntyre's ethical concerns, the Court appointed him to represent the

Defendant and he is obliged by the Order of this Court as well as his ethical obligations to continue that representation until such time as he is relived of that duty by the Court. Therefore, the motion to withdraw as counsel will be denied. There is no basis for a continuance and the motion to vacate the November 30, 1998, trial setting will be denied as well.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Leave to Withdraw as Counsel, filed November 19, 1998, is **denied**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Vacate and Continue Trial Setting, filed November 23, 1998, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**