UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN VINCENT MACKOVICH,

    Defendant/Movant,

vs.                                                             No. CV 20-1081 JAP/JFR
                                                                        No. CR 98-343 JAP

UNITED STATES OF AMERICA,

    Plaintiff/Respondent.

## MEMORANDUM OPINION AND ORDER

On October 19, 2020, Defendant filed JOHN VINCENT MACKOVICH'S AMENDED MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 ("Petition") (CV Doc. 1) (CR Doc. 145). Defendant asks the Court to vacate the life sentence that it imposed under 18 U.S.C. § 3559 (three strikes law) and to schedule resentencing. The Petition is fully briefed.[1] After reviewing the briefings, the record, and the arguments of counsel, the Court will deny Defendant's Petition and will deny Defendant a certificate of appealability.[2]

**I. BACKGROUND**

On May 7, 1998, a federal grand jury indicted Defendant, charging him with Armed Robbery in violation of 18 U.S.C. §§ 2113(a) and (d) ("Count I"), and Carrying or Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c) ("Count II"). *See* CR Doc. 9 (indictment); *see also* CR Doc. 34 (superseding indictment filed on October 22, 1998) (same charges). On October 28, 1998, in accordance with 18 U.S.C. § 3559(c)(4) and 21 U.S.C. § 851,

---

[1] *See* UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (CV Doc. 5). Defendant failed to file a Reply.

[2] Before issuing this Memorandum Opinion and Order, the Court considered whether an evidentiary hearing was necessary, as instructed by Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the outcome of this requires no further factual development, the Court concluded that no evidentiary hearing was necessary.

1

the Government filed a notice of prior convictions, which established Defendant's eligibility for the three strikes sentencing enhancement of life imprisonment. *See* CR Doc. 36. On December 2, 1998, a jury convicted Defendant on both counts in the superseding indictment. *See* CR Docs. 66–68. Defendant's Presentence Report ("PSR") included two prior state felony convictions for purposes of the three strikes enhancement: (1) Robbery, Navajo County Superior Court, Arizona, occurring on March 3, 1977, Criminal No. 5363 sentenced to 5–6 years imprisonment and (2) Armed Robbery, Maricopa County District Court, Phoenix, Arizona, occurring on December 17, 1981, CR-123899 sentenced to 10.5 years imprisonment. *See* PSR ¶¶ 50, 52. Based on these prior state convictions, the PSR prescribed life imprisonment on Count I of the superseding indictment under 18 U.S.C. §§ 2113(a) and (d) and § 3559(c)(1). *Id.* ¶ 93.

Among other things, Defendant attacked the PSR's classification of his 1977 robbery conviction as a "strike" used to enhance his sentence to life imprisonment under § 3559(c)(1). *See* CR Doc. 86 ("Defendant Mackovich's main disagreement with the Government is the Government's insistence that his 22 year old [sic] conviction for simple robbery constitutes a strike . . . because the 1977 conviction does not meet the criteria under the statute to be a 'serious violent felony' as it is a 'non-qualifying' felony."). Probation addressed Defendant's objections through an addendum to its PSR:

> Under 18 U.S.C. § 3559(c)(2)(F)(i), definition of serious violent felony, the statute directs that the definition of robbery is found in 18 U.S.C. 2111, 2113 and 2118. These statutes explain that if the offense was committed with an element of force, threat of force, violence or intimidation for the purpose of taking something from another person, then the elements for robbery have been met.
>
> The defendant and his co-conspirator robbed a Circle K store at gunpoint. At the time of arrest, the gun used in the robbery was found on the defendant's person. The defendant pled guilty to Robbery as a result of a Plea Agreement. The elements of the previous Robbery involved violence, the threat of violence, intimidation or threat of force. The 'three strikes law' under 18 U.S.C. 3559(c)(1) requires a life sentence in cases such as this.

Amend. PSR at 4.

On May 4, 1999, the Court (1) rejected Defendant's argument that the 1977 state felony robbery conviction was non-qualifying under § 3559(c)(3)(a); (2) adopted the PSR's recommendations; and (3) sentenced Defendant to a term of life imprisonment. *See* CR Doc. 147, Sentencing Hr'g Tr. at 28:25–30:10.[3]  In doing so, the Court concluded that Defendant's two prior state felony robbery convictions and his conviction of Count I of the superseding indictment counted as strikes under § 3559(c). *Id*. The Court entered judgment on May 29, 1999. *See* CR Doc. 92.

On June 1, 1999, Defendant appealed his life sentence to the Tenth Circuit Court of Appeals, arguing that the Court erred in: (1) finding Defendant competent to stand trial; (2) refusing to allow Defendant to represent himself; and (3) imposing a life sentence of imprisonment under § 3559(c).  Relevant here with regard to whether § 3559(c)(3)(a) applied,[4] Defendant admitted that "[t]he elements of [his] 1977 Arizona simple robbery conviction are consistent with the *elements of robbery under § 3559(c)(2)(F)(i)*." Resp., Ex. 1 at 10 (emphasis added). Defendant further "concede[d] that the government proved by a preponderance that his 1977 conviction of robbery constitutes a serious violent felony for purposes of the Three Strikes statute." *Id*. The Tenth Circuit affirmed Defendant's sentence, finding that § 3559(c)(3)(a) did not afford a basis for reversal.  *See United States v. Mackovich*, 209 F.3d 1227, 1239–40 (10th Cir. 2000) ("The plain language of § 3559(c)(3)(A) forecloses Mackovich's position . . . As a result, [*Taylor v. United*

---

[3] The docketed sentencing hearing transcript is an excerpt taken from the certified record on appeal to the Tenth Circuit. Therefore, the Court cites to the CM/ECF pagination rather than the overall page number that corresponds to the certified record.
[4] Section 3559(c)(3)(a) provides that certain "serious violent felonies" are "nonqualifying felonies" for sentence enhancement purposes and thus cannot be used as predicate strikes to impose a life sentence. Defendant argued that the 1977 robbery conviction was a "nonqualifying felony" under § 3559(c)(3)(a).

*States*, 495 U.S. 575 (1990)] [] is inapplicable to the 'nonqualification' inquiry under § 3559(c)(3)(A)"). On October 2, 2000, the Supreme Court denied Defendant's petition for writ of *certiorari.*

Thereafter, on September 19, 2001, Defendant filed his first § 2255 petition. *See* CR Doc. 112. On April 23, 2002, this Court denied that petition, *see* CR Doc. 124, and on April 8, 2003, the Tenth Circuit denied Defendant a certificate of appealability. *See* CR Doc. 129. Approximately fourteen years later, on June 27, 2016, Defendant requested permission from the Tenth Circuit to file a second or successive § 2255 petition, this time asserting *Johnson v. United States*, 135 S. Ct. 2551 (2015) as the basis for reversal of his life sentence. *See* CR Docs. 131 (Letter from Tenth Circuit acknowledging Defendant's request to file successive § 2255), 132 (Letter of Abatement), 133 (Defendant's second § 2255 petition). On July 12, 2020, the Tenth Circuit lifted the abatement and granted Defendant permission to file a second or successive § 2255 petition. *See* CR Doc. 137.

This Court then ordered Defendant to advise in writing whether he "intend[ed] to continue to seek relief under *United States v. Johnson* and also under *United States v. Davis*," or whether he would "be requesting § 2255 relief only under *Davis*." CR Doc. 139. On August 21, 2020, Defendant clarified that he was seeking relief only under *United States v. Davis*, *see* Doc. 10, 1:16cv735-JAP-SMV, and on September 1, 2020, Defendant filed the instant Petition. *See* Doc. 12, 1:16cv735-JAP-SMV. However, because Defendant abandoned his *Johnson* claim and only sought relief under *Davis*, the Court "direct[ed] the Clerk of the Court to open a new 28 U.S.C. § 2255 civil case and re-docket [Defendant's] Amended § 2255" and "order[ed] that civil case CV 16-00735 JAP/SMV be closed." Doc. 16, 1:16cv735-JAP-SMV. On October 19, 2020, civil case

4

16-00735 JAP/SMV was closed and Defendant's Petition was re-docketed in civil case CV 20-1081 JAP/JFR.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct [his] sentence," when, *inter alia*, "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To state a cognizable claim for relief under Section 2255, a defendant must allege that the "error constituted a fundamental defect which inherently result[ed] in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds).

## III. PARTIES' ARGUMENTS

Defendant argues that *United States v. Davis*, 139 S. Ct. 2319 (2019), which the Tenth Circuit held "created a new substantive rule that is retroactively applicable on collateral review," *United States v. Bowen*, 936 F.3d 1091, 1095 (10th Cir. 2019),[5] requires this Court to invalidate his life sentence imposed under the three strikes law. Petition at 2–4. Specifically, Defendant maintains that this Court sentenced him under § 3559's residual clause definition of serious violent felony, which he argues is identical to § 924(c)(3)(B), i.e., the provision that *Davis* held was void for vagueness. *Id*. Alternatively, Defendant argues that neither state felony robbery conviction categorically matches § 3559(c)'s two non-residual clause definitions of serious violent felony and, therefore, cannot support a life sentence. *Id*.[6]

---

[5] *See also In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("For purposes of § 2255(h)(2), then, we conclude that the Supreme Court has made *Davis* retroactively applicable to cases on collateral review.").

[6] To be clear, Defendant makes no argument relating to Count II and *Davis*. Defendant only argues that *Davis* applies by analogy to Count I and § 3559.

The Government asserts that Defendant's Petition is time barred because his sentence was enhanced under § 3559(c)(2)(F)(i), the enumerated-offences clause, and not the residual clause definition embedded within § 3559(c)(2)(F)(ii). Resp. at 7. Here, the Government argues that "the time for [Defendant] to claim that his state Robbery and Armed Robbery convictions did not qualify as predicate offences under the enumerated-offenses clause of 18 U.S.C. § 3559(c)(2)(F)(i) was during his initial Tenth Circuit appeal, or at the very latest during his first § 2255 motion." *Id*. at 9. The Government further maintains that, if the Court does find that Defendant was sentenced under § 3559's residual clause, Defendant's Petition is still time-barred because "[n]either the Tenth Circuit nor the U.S. Supreme Court have specifically ruled 18 U.S.C. § 3559(c)(2)(F)(ii)'s residual clause to be unconstitutional." *Id*. at 10. Lastly, if the Court finds that Defendant timely filed his Petition, the Government "reiterates its argument, first made over 20 years ago and conceded by [Defendant] in his own sentencing memorandum and in Government's Exhibits 1 and 3, that [Defendant's] two priors for Robbery and Armed Robbery count as serious violent felonies pursuant to the enumerated-offenses clause at 18 U.S.C. § 3559(c)(2)(F)(i)." *Id*. at 11.

## IV.   ANALYSIS

In the instant Petition, Defendant relies on § 2255(f)(3), under which the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). The "right asserted" that Defendant relies on is *Davis*, which extends *Johnson v. United States*, 135 S. Ct. 2551 (2015) to the residual clause definition of a "crime of violence" located at § 924(c)(3)(B).

In *Johnson*, the Supreme Court focused on the Armed Career Criminal Act's definition of "violent felony," which includes crimes that (1) "ha[ve] as an element the use, attempted use, or

6

threatened use of physical force against the person of another" (elements clause) or (2) "involve[] conduct that presents a serious potential risk of physical injury to another" (residual clause). 18 U.S.C. § 924(e)(2)(B)(i)-(ii).[7] The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. Thus, both *Johnson* and *Davis* invalidated a residual clause definition as unconstitutionally vague.

With this background, it becomes clear that Defendant must overcome two roadblocks for this Court to grant the relief that he requests. First, Defendant must prove that the Court enhanced his sentence under § 3559(c)(2)(F)(ii), which includes the residual clause definition of serious violent felony. Second, Defendant must establish that *Davis* extends to § 3559(c)(2)(F)(ii). Defendant does neither, therefore his Petition is improper and time barred.

    A. *Defendant fails to establish that he was sentenced under § 3559(c)(2)(F)(ii)*

In the underlying criminal case, the Court enhanced Defendant's sentence under § 3559, which defines a serious violent felony as

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118) . . . or attempt, conspiracy, or solicitation to commit any of the above offenses [enumerated-offenses clause]; and

> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause] or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense [residual clause].

---

[7] In addition to the residual clause, § 924(e)(2)(B)(ii) also includes several enumerated offenses. *See* § 924(e)(2)(B)(ii) ("is burglary, arson, or extortion, involves use of explosives").

7

§ 3559(c)(2)(F).  The Court determined that Defendant's two prior state felony robbery convictions and the underlying crime of conviction counted as "strikes" under this definition.  To succeed on a *Davis* (or *Johnson*) claim, the Tenth Circuit requires that Defendant prove that it is "more likely than not" that the sentencing court used the residual clause as the basis of sentencing. *See United States v. Driscoll*, 892 F.3d at 1135 (adopting "more likely than not" standard under *Johnson*) (internal quotation and citation omitted); *see also United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019) ("The § 2255 movant bears the burden of proving by a preponderance of the evidence that 'it was use of the residual clause that led to the sentencing court's enhancement of his sentence.'" (citing *Driscoll*, 892 F.3d at 1135)).  Put simply, for Defendant to meet his burden here, he must prove that it is more likely than not that the sentencing court relied on the residual clause definition of serious violent felony when it classified his two prior felony robbery convictions as predicate strike offenses.  *Id*.

Defendant cannot make such a showing, however, because the record does not include any evidence that the Court relied on § 3559(c)(2)(F)(ii) or the residual clause found in that statute, when the Court enhanced Defendant's sentence.  Rather, the underlying record demonstrates that § 3559(c)(2)(F)(i) was the basis for the life sentence enhancement.  To be sure, the Government's sentencing memorandum argued only that the enumerated-offenses clause established that Defendant's prior state felony robbery convictions were "strikes."  *See* Doc. 82 ("the defendant apparently overlooks the fact that 'mere' robbery is presumptively a 'serious violent felony' under § 3559(c)(2)(F)(i).  Indeed, the only circumstance in which 'mere' robbery will not be considered a 'serious violent felony' is if the defendant satisfies the criteria listed in § 3559(c)(3)(A).").  And Defendant constrained both his response to the Government's sentencing memorandum and his objections to the PSR to only § 3559(c)(2)(F)(i).  *See* Doc. 86 ("A 'serious violent felony' under

this law includes robbery. *18 USC§ 3559(c)(2)(f)(i)*. However, a robbery does not necessarily constitute a 'strike' against the defendant as [§ 3559(c)(3)(A)] provides an exception for 'non-qualifying felonies'") (emphasis added). In turn, United States Probation responded to Defendant's objection to the PSR through an addendum, where it explained that its recommended sentence of life imprisonment was grounded in § 3559(c)(2)(F)(i). *See* Amend. PSR ("Under 18 U.S.C. [§] 3559(c)(2)(F)(i), definition of serious violent felony, the statute directs that the definition of robbery is found in 18 U.S.C. 2111, 2113 and 2118 . . . The 'three strikes law' . . . requires a life sentence of imprisonment in cases such as this.").

Furthermore, at sentencing the Court reiterated that "the 1977 conviction qualifies as a predicate offense for a [§] 3559(c)(1) and that *it clearly presents a presumption that robberies are serious violent felonies* which can only be overcome if the defendant establishes by clear and convincing evidence that no weapon was used." Sentencing Hr'g Tr. at 19:9–14 (emphasis added).[8] The Court further found "that based on the evidence . . . the factual findings and guidelines applications in the *presentence report are accurate*" and that "*the enhancement information under 18 U.S.C. 3559(c)(1) filed by the government on October 28, 1998, is applicable*." *Id*. at 28:25–29:16 (emphases added). Thus, by describing robbery as a presumptive strike—and by adopting the PSR's and Government's recommendations that explicitly relied on the enumerated-offenses clause—the Court clearly sentenced Defendant under § 3559(c)(2)(F)(i), which defines a serious violent felony as "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . *robbery* (as described in section 2111, 2113, or 2118)." Indeed, when viewing the record evidence singularly or cumulatively, the only logical inference

---

[8] At sentencing, Defendant's argument against the imposition of a life sentence under § 3559 focused solely on the 1977 robbery conviction. In part, Defendant argued that this conviction was a non-qualifying felony under § 3559(c)(3). This Court rejected that argument and, on direct appeal, the Tenth Circuit affirmed Defendant's life sentence under § 3559. *See Mackovich*, 209 F.3d at 1241.

that can be drawn is that the enumerated-offenses clause was the basis for Defendant's life sentence.

In addition, on direct appeal Defendant (1) agreed that "[t]he elements of [his] 1977 Arizona simple robbery conviction are consistent with the elements of robbery under § 3559(c)(2)(F)(i)," and (2) "concede[d] that the government proved by a preponderance that his 1977 conviction of robbery constitutes a serious violent felony for purposes of the Three Strikes statute." Resp., Ex. 1 at 10.

At bottom, Defendant bears the burden, albeit a low one, to show that his sentence was enhanced under § 3559(c)(2)(F)(ii)'s residual clause definition of serious violent felony. But Defendant disregards this clear record evidence that he was sentenced under the enumerated-offenses clause and instead focuses on whether the state convictions categorically fit that clause. Because Defendant cannot overcome the record (and his concessions therein), the Court declines to entertain Defendant's argument that his two state felony robbery convictions are not categorical matches under § 3559(c)(2)(F)(i), the enumerated-offences clause. Defendant's present argument should have been made twenty years ago. The threshold issue here is whether Defendant can prove by a preponderance of the evidence that he was sentenced under § 3559(c)(2)(F)(ii)'s residual clause, and not whether the Court was correct twenty years ago when it determined that his state felony robbery convictions fell under the enumerated-offenses clause of § 3559(c)(2)(F)(i).[9]

### B. *Davis* does not extend to § 3559

Defendant likewise cannot establish that *Davis* invalidates § 3559's residual clause. "Only the Supreme Court can recognize a new constitutional right." *United States v. Greer*, 881 F.3d

---

[9] Admittedly, this is not the case for every § 2255 brought under *Davis,* where the record does not so clearly establish which clause was used for a sentence enhancement. But here, the record only references the enumerated-offenses clause and leaves no ambiguity on the issue. Therefore, the Court declines to undertake a categorical analysis to fill an information deficit that does not exist in the record.

1241, 1247 (10th Cir. 2018), cert. denied, 139 S. Ct. 374, 202 L. Ed. 2d 302 (2018) (citing *Dodd v. United States*, 545 U.S. 353, 357–59 (2005)). "While circuit courts can apply the reasoning of *Johnson* [and *Davis*] to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review under AEDPA is more limited. AEDPA limits federal habeas relief to new constitutional rights recognized by the Supreme Court." *Id.* (citing Dodd, 545 U.S. at 357–59). Consequently, because the Supreme Court has not recognized a constitutional right regarding sentencing under the residual clause of § 3559(c)(2)(F)(ii), which in turn has been made retroactive, Defendant is further barred from habeas relief.

V.   **CONCLUSION**

   **IT IS ORDERED** that

1. John Vincent Mackovich's AMENDED MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (CV Doc. 1) (CR Doc. 145) is DENIED;

2. Civil Case 20-1081 JAP/JFR is DISMISSED with prejudice; and

3. A certificate of appealability is DENIED.[10]

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] The parties are hereby notified that, in accordance with Rule 11(a), they cannot appeal this denial. Instead, they may seek a certificate of appealability from the United States Court of Appeals for the Tenth Circuit pursuant to Federal Rule of Appellate Procedure 22.